■ In the Matter of EDWARD YASTION, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [645 NYS2d 585] —Casey, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered March 14, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education terminating petitioner's employment as a school counselor.

After having been appointed to a Federally funded school counselor position for $3^{1}/_{2}$ school years by respondent Orange-Ulster Board of Cooperative Educational Services, petitioner was terminated from the position in July 1993. Contending that he had acquired tenure as a result of his service in the position for more than three years, petitioner appealed to respondent Commissioner of Education, seeking reinstatement with back pay. The Commissioner dismissed petitioner's appeal on the merits, concluding, *inter alia*, that petitioner had "knowingly and freely" waived his tenure rights when he accepted the successive appointments to the position.

Petitioner commenced this CPLR article 78 proceeding to review the Commissioner's determination. Finding a rational basis for the determination, Supreme Court dismissed the petition, prompting this appeal by petitioner. We affirm Supreme Court's judgment.

In *Matter of Feinerman v Board of Coop. Educ. Servs.* (48 NY2d 491), the Court of Appeals held that a prospective teacher can waive the right to be appointed to a three-year probationary period in a tenure-bearing position. The record in this case reveals that for the school years beginning in September 1990, 1991 and 1992, petitioner signed salary agreements which contained express provisions clearly stating that tenure did not apply to the position. Petitioner does not claim that he was tricked or coerced into signing the agreements, and the record contains no hint whatsoever of duress. In simi-

lar circumstances, the Court in *Feinerman* held that a teacher who willingly signed contracts which expressly provided that " '[t]here is no tenure with this position' " knowingly and voluntarily waived her right to be appointed to a three-year probationary term in a tenure-bearing position (*supra*, at 498-499). Here, too, petitioner willingly accepted appointment to a position which expressly carried with it no tenure rights. We see nothing irrational in the Commissioner's application of the holding in *Feinerman* to the facts of this case. We have considered petitioner's argument that the facts of this case are distinguishable from those in *Feinerman* and find the argument meritless. Having found a rational basis for the Commissioner's determination on the waiver issue, we need not address petitioner's arguments concerning the nature of the position to which he was appointed.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.